**Robert F. Kolb, Defendant in Error, v. Gray Staunton, Plaintiff in Error.**

**Gen. No. 16,827.**

VERDICT—*when passion and prejudice negatived.* That a verdict in favor of an attorney for services rendered was influenced by passion and prejudice is negatived by the subject-matter of the litigation.

Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

GRANVILLE W. BROWNING and CHARLES J. BURGESS, for plaintiff in error.

EDWARD MAHER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Prior to December 3, 1903, plaintiff in error, Gray Staunton, and one W. S. Potwin, had been associated in an effort to perfect, manufacture and market a product invented by plaintiff in error, commonly known as artificial rubber, and designated "Insulatus," for trade purposes. The parties had entered into several written contracts relative to the services to be performed by plaintiff in error, his compensation therefor to be paid by Potwin, and the respective interests of the parties in the proposed enterprise. Thereafter, some differences arose between plaintiff in error and Potwin growing out of a claim by plaintiff in error that Potwin was not prosecuting the work of affecting the necessary organization for the conduct of the business with sufficient vigor. Potwin, being unable to give his personal attention to the matters, had designated one, Carll, as his representative, and the latter was personally so obnoxious to plaintiff in error that he refused to work or meet with him. We have no doubt under the evidence that plaintiff in error also became suspicious of Potwin and entertained the thought that Potwin had secured an undue advantage of him in the contemplated enterprise. About the date first named, plaintiff in error and one Ralph J. Golson became associated in an effort to organize a corporation to undertake the manufacture and sale of the product. The scope of the contract relations existing between plaintiff in error and Potwin necessarily became the subject of a preliminary investigation, and defendant in error, Robert F. Kolb, a practicing attorney, who had served Golson professionally, was introduced by him to plaintiff in error. The professional services thereafter rendered by defendant in error for plaintiff in error and Golson, jointly and severally, as he claims, constitutes the subject-matter of this litigation, instituted in Municipal Court, wherein defendant in error was awarded a verdict against plaintiff

in error for $892.79, and upon a remittitur by defendant in error of $258.68, judgment was entered against plaintiff in error for $634.11.

There is no contention by plaintiff in error that the services were not performed or that the amount charged therefor was not fair and reasonable. The sole contention of plaintiff in error is that such services were not performed for his benefit, or at his instance and request, but were performed for the benefit and at the instance and request of Golson.

The evidence discloses that plaintiff in error was lacking in business experience and capacity. When he was called upon by defendant in error to state the terms of his several contracts with Potwin, he was unable to do so. The contracts were in the possession of Potwin and plaintiff in error had no copy of the same or any note or memorandum of their provisions. To enable defendant in error to interview Potwin with authority plaintiff in error gave defendant in error the following letter:

"CHICAGO, December 5. 1903.

"MR. W. S. POTWIN,
    City.

"DEAR SIR: This will introduce to you Mr. Robert F. Kolb, my attorney, who desires to consult with you regarding my business with you. Any information you may give to him will be greatly appreciated.
    Yours very truly,
        GRAY STAUNTON."

The abstract of the record contains no intelligible reference to this letter.

The statement of claim filed by defendant in error covers the period from December 3, 1903, to May 27, 1905, and contains twenty-nine separate items of charges for services in relation to matters in which plaintiff in error had a personal financial interest. To review the evidence bearing upon each item would unduly extend this opinion. We have examined and considered the evidence as abstracted, and as it appears

in the record, and find that it amply supports the verdict of the jury upon the merits of the controversy.

Golson was adjudged a bankrupt prior to the commencement of the suit in the Municipal Court, and defendant in error filed a claim against his estate for the same services here involved, and realized a dividend on such claim of 29 per cent. The jury, through inadvertance or misunderstanding, failed to credit the amount of such dividend upon the claim filed herein and returned a verdict for the full amount. This error was cured by the remittitur, heretofore mentioned, entered by defendant in error.

The subject-matter of the litigation negatives a suggestion that the jury might have been influenced by passion and prejudice in arriving at their verdict, and we perceive no incident in the record that was calculated to support such suggestion.

The five year statute of limitations had almost run when the suit was instituted. Defendant in error testified that plaintiff in error had repeatedly promised to pay the claim and the jury were warranted in so finding, notwithstanding the denial of plaintiff in error. The jury were instructed that if they believed from the evidence that payment had been unreasonably and vexatiously delayed, they might allow 5 per cent. interest from the time said payment was so delayed to the present time, and no objection was or is made to such instruction. Whether or not the delay in payment was unreasonable and vexatious was a question of fact for the jury, and we are not disposed to disturb the finding upon that issue.

Other objections urged are not of sufficient merit to require discussion.

The judgment is affirmed.

*Judgment affirmed.*